USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 24 2012

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA            :        INFORMATION

        - v. -                      :        12 Cr.

MIR ISLAM,                          :

                Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

12 CRIM 810

### COUNT ONE

**(Attempted Access Device Fraud)**

The United States Attorney charges:

1. From at least on or about June 13, 2012, through at least on or about June 25, 2012, in the Southern District of New York and elsewhere, MIR ISLAM, the defendant, knowingly and with intent to defraud, and affecting interstate and foreign commerce, attempted to possess fifteen and more devices which were unauthorized access devices, to wit, ISLAM took possession of what he believed to be fifteen counterfeit cards containing stolen American Express credit card numbers.

(Title 18, United States Code, Sections 1029(a)(3),
1029(b)(1) and 2.)

### COUNT TWO

**(Access Device Fraud)**

The United States Attorney further charges:

2. From at least on or about June 13, 2012, through at least on or about June 25, 2012, in the Southern District of


JUDGE WOOD

New York and elsewhere, MIR ISLAM, the defendant, knowingly and with intent to defraud, and affecting interstate and foreign commerce, effected and attempted to affect transactions, with one and more access devices issued to another person or persons, to receive payment and any other thing of value during any one-year period the aggregate value of which is equal to and greater than $1,000, to wit, ISLAM took possession of what he believed to be fifteen counterfeit credit card numbers, with the purpose of obtaining at least $1,000 of goods and services.

(Title 18, United States Code, Sections 1029(a)(5), 1029(b)(1) and 2.)

**FORFEITURE ALLEGATION**

3.   As a result of committing the offense alleged in Count One of this Information, MIR ISLAM, the defendant, shall forfeit to the United States:

a.   pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense; and

b.   pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

## SUBSTITUTE ASSETS PROVISION

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982(a)(2)(B) and (b)(1), and Title 21, United States Code, Section 853(p).)


                                              */s/ Preet Bharara*
                                              PREET BHARARA
                                              United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

MIR ISLAM,

Defendant.

---

### INFORMATION

12 Cr.

(18 U.S.C. §§ 1029(a)(3), 1029(a)(5), 1029(b)(1) and 2.)

---

PREET BHARARA
United States Attorney.

---

10/24/12  Fld. Information & Waiver of Indictment. Deft present with attorney David Gordon, Ausa Tim Howard present. Defendant enters a plea of Not Guilty. Time is excluded to October 30, 2012.

Pitman, USMJ

BH